AO 243 (Rev. 01/15)                                                                 Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

FILED
RICHARD W. NAGEL
CLERK OF COURT
2016 JUN 21 AM 10: 12
U.S. DISTRICT COURT
SOUTHERN 2:00 OHIO
EAST. DIV. COLUMBUS

| United States District Court for The Southern District of Ohio | |
|---|---|
| Name (under which you were convicted): Miguel Bedolla Zarco | Docket or Case No.: CR Southern 2:00 Ohio |
| Place of Confinement: McRae Correctional Facility | Prisoner No.: 73001-061 |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted): Miguel Bedolla Zarco |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   U.S. District Court for the Southern District of Ohio
   260 Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard,
   Columbus, OH 43215

   (b) Criminal docket or case number (if you know): CR-2-14-200 (7)

2. (a) Date of the judgment of conviction (if you know): November 15, 2015
   (b) Date of sentencing: March 22, 2016

3. Length of sentence: 58 months

4. Nature of crime (all counts): Conspiracy to distribute and to PWITD methamphetamine

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one) N/A   Jury ☐   Judge only ☐
7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☑

AO 243 (Rev. 01/15) Page 3

9. If you did appeal, answer the following:
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised:

   N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑
      If "Yes," answer the following:
      (1) Docket or case number (if you know): N/A
      (2) Result: N/A
      (3) Date of result (if you know): N/A
      (4) Citation to the case (if you know): N/A
      (5) Grounds raised:

      N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A
        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A

AO 243 (Rev. 01/15)                                                                                                    Page 4

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐     No ☑

(7)   Result: _____ N/A _____

(8)   Date of result (if you know): _____ N/A _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____ N/A _____

(2)   Docket of case number (if you know): _____ N/A _____

(3)   Date of filing (if you know): _____ N/A _____

(4)   Nature of the proceeding: _____ N/A _____

(5)   Grounds raised:

 

 

_____ N/A _____

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐     No ☑

(7)   Result: _____ N/A _____

(8)   Date of result (if you know): _____ N/A _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:      Yes ☐      No ☑

(2)   Second petition:  Yes ☐      No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____ N/A _____

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                                     Page 5

**GROUND ONE:**    _See attached pages_

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_See attached pages_

(b)  **Direct Appeal of Ground One:**

  (1)  If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐     No ☑

  (2)  If you did not raise this issue in your direct appeal, explain why:

_N/A_

(c)  **Post-Conviction Proceedings:**

  (1)  Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐     No ☑

  (2)  If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition:    _N/A_

  Name and location of the court where the motion or petition was filed:

  _N/A_

  Docket or case number (if you know):    _N/A_

  Date of the court's decision:    _N/A_

  Result (attach a copy of the court's opinion or order, if available):

  _N/A_

  (3)  Did you receive a hearing on your motion, petition, or application?

   Yes ☐     No ☑

  (4)  Did you appeal from the denial of your motion, petition, or application?

   Yes ☐     No ☑

  (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐     No ☑

AO 243 (Rev. 01/15) Page 6

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __N/A__

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available):

__N/A__

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

__N/A__

**GROUND TWO:** __See attached pages__

  (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

__See attached pages__

  **(b) Direct Appeal of Ground Two:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☑

    (2)  If you did not raise this issue in your direct appeal, explain why:

__N/A__

  **(c) Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

AO 243 (Rev. 01/15) Page 7

(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed: N/A
Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A
Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:** See attached pages

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached pages

AO 243 (Rev. 01/15) Page 8

**(b) Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:

N/A

**(c) Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☑
   (2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):

N/A

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐    No ☑
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☑
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☑

   (6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):

N/A

AO 243 (Rev. 01/15)     Page 9

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**
 (1) If you appealed from the judgment of conviction, did you raise this issue?
  Yes ☐  No ☑
 (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
 (1) Did you raise this issue in any post-conviction motion, petition, or application?
  Yes ☐  No ☑

 (2) If you answer to Question (c)(1) is "Yes," state:
 Type of motion or petition: N/A
 Name and location of the court where the motion or petition was filed: N/A
 Docket or case number (if you know): N/A
 Date of the court's decision: N/A
 Result (attach a copy of the court's opinion or order, if available):

N/A

AO 243 (Rev. 01/15)

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     N/A

Docket or case number (if you know):     N/A

Date of the court's decision:     N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have __not__ previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal __now pending__ (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

AO 243 (Rev. 01/15)                                                                                                    Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

   (a) At the preliminary hearing:
   Robert Krapenck

   (b) At the arraignment and plea:
   Robert Krapenck

   (c) At the trial:

   (d) At sentencing:
   Robert Krapenck

   (e) On appeal:

   (f) In any post-conviction proceeding:
   Pro se

   (g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☐  No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☑
   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   N/A
   (b) Give the date the other sentence was imposed: N/A
   (c) Give the length of the other sentence: N/A
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                    Page 13

Therefore, movant asks that the Court grant the following relief:

_____ a reduction for 22 months _____

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ June 17, 2016 _____

(month, date, year)

Executed (signed) on _____ June 17, 2016 _____ (date)

_____ Miguel Bedollo _____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

U.S. DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF OHIO

MIGUEL BEDOLLA ZARCO

      MOVANT,

vs.                                                                                          CASE NO. : CR-2-14-200 (7)

UNITED STATES OF AMERICA

      RESPONDENT,

_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOVANT'S MOTION

## PURSUANT TO TITLE 28 U.S.C. SECTION 2255

COMES NOW, Miguel Bedolla Zarco, Movant, pro-se, and hereby files this

MEMORANDUM OF LAW IN SUPPORT OF MOVANT'S MOTION PURSUANT TO TITLE 28 U.S.C

SECTION 2255. In support thereof, Defendant respectfully submits the following:

### BACKGROUND

1.      On May 22, 2015, the Defendant was arrested for conspiracy to distribute and to possess

with intent to distribute methamphetamine.

2.      On March 22, 2016, the Defendant was sentenced to 58 months and 3 years of

supervised release.

## ARGUMENT #1

3. Defendant states that his attorney, Mr. Robert Krapenck, was ineffective for the following reasons:

4. Defendant's attorney did not stress his minor participation in the conspiracy (which was only a single phone call and a message left on voice mail) so that he would only be held responsible for a lesser charge and receive a lesser sentence.

5. From the beginning, Defendant's attorney did not assist him to the best of his ability because he did not attempt to negotiate Defendant's case with the Assistant United States Attorney (AUSA).

6. Defendant's attorney's representation was very unprofessional, unethical and demonstrated an obvious lack of interest in his case.

7. At sentencing, Defendant's attorney did not make any arguments on behalf of his client. Furthermore, Defendant's attorney said "do whatever you guys decide to do".

8. Defendant was put in a predicament with the Drug Enforcement Agency (D.E.A.) because they wanted him to testify against his wife's uncle, Leborio Alcauter, leader of the operation, who was later sentenced to 66 months. Furthermore, Defendant was told that if he testified against Mr. Alcauter, he would be released the same day. The AUSA recommended defendant's sentence to be 50 months and he was sentenced to 58 months. These are just several examples of many others that demonstrate that his attorney failed to help him.

## ARGUMENT #2

9. Defendant cooperated and provided detailed information about his case to the Assistant United States Attorney (AUSA) and the Drug Enforcement Agency (D.E.A.) but Defendant's attorney, Robert Krapenck, failed to utilize the following information that the Defendant provided to argue at his sentencing:

10. Defendant's cooperation in the case involved more than four persons of a total of 29 persons involved in the conspiracy;

(a) Carlos Carrasco, co-defendant, cooperated and lied to the D.E.A. about Defendant's involvement because he said that he used to work for the Defendant and as a result, Defendant was considered as a mid-level drug dealer. The truth is that Defendant used to deliver the drugs to Carlos Carrasco on behalf of Felipe Rodriguez but he only did so on four occasions;

(b) Alejandrina LNU, co-defendant, Felipe Rodriguez's girlfriend, used to deliver the drugs to Defendant on behalf of Felipe Rodriguez, then Defendant would deliver it to Carlos Carrasco;

(c) Felipe Rodriguez, co-defendant, supplier of the drugs and the one who paid Defendant after the deliveries;

(d) Ruben Quiros, co-defendant, used to buy the drugs from Carlos Carrasco.

11. Defendant's cooperation in the case was sufficient to make other arrests.

12.     Carlos Carrasco was sentenced to 12 months, Alejandrina LNU, an accomplice of

the supplier, Felipe Rodriguez, was sentenced to 36 months, and the Defendant was sentenced

to 58 months.

**ARGUMENT #3**

13.     On June 30, 2014, Defendant was arrested for a felony assault with a fire arm

against a police officer, discharging a fire arm in the city limits and improper handling of a fire

arm in a motor vehicle.

14.     On May 22, 1015, a decision was made at trial on the above charges and the jurors

found Defendant not guilty for a felony assault with a fire arm against police officer and

discharging a fire arm on the city limits. However, Defendant was found guilty and sentenced to

1 year with credit for time-served, for improper handling of a fire arm in a motor vehicle.

15.     The Defendant was about to be released from State custody when the U.S.

Marshals detained him for an indictment on the current conviction.

16.     On March 22, 2016, at sentencing, Defendant received an enhancement of three

points in his sentence based on the previous gun charges.

17.     On June 26, 2015, the United States Supreme Court decided <u>Johnson v. United</u>

<u>States</u>, ---, U.S.---, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which held that one provision of the

ACCA - the "residual clause" – is unconstitutionally vague.

18.     On April 18, 2016, the United States Supreme Court decided <u>Welch v. United</u>

<u>States</u>, ---U.S.---, 136 S. Ct. 790, 193 L. Ed. 2d 534 (2016), which held that Johnson is retroactive.

19. According to a notice that was recently promulgated by the Federal Bureau of Prisons, defendants who believe that they might have a claim regarding the Johnson decision have until June 26, 2016, in order to file the necessary papers in court.

20. Defendant believes that he is entitled to a sentence reduction based on the Johnson decision because at his sentencing, the Defendant could not get less than 50 months because of his Criminal History Category II based on the previous gun charges. As such, Defendant believes that his Sentencing Guidelines range was substantially increased based on an identical provision in the Sentencing Guidelines that is also void. See In re Watkins, 810 F.3d 375 (6th Cir. 2015).

21. In light of the foregoing, Defendant respectfully requests that this court appoint an attorney to represent him in seeking a sentence reduction in reference to the Johnson and Welch decisions as mentioned above.

## CONCLUSION

THEREFORE, based on all the herein stated reasons, the Defendant respectfully requests that this Honorable Court GRANT Movant's Motion Pursuant To Title 28 U.S.C. Section 2255 and order any other relief that this court deems proper, necessary and just.

Respectfully Submitted,

*Miguel Bedolla*

Miguel Bedolla Zarco

Reg. #73001-061

McRae Correctional Facility

P.O. Drawer 55030

McRae Helena, GA 31055

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was placed in the McRae Correctional Facility legal mailbox, with proper, first-class postage affixed, addressed to the Office of the U.S. Attorney, 303 Marconi Boulevard, Suite 200, Columbus, OH 43215, on this 15th of June 2016.

Respectfully Submitted,

*Miguel Bedolla*

Miguel Bedolla Zarco

Reg. #73001-061